**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YOLANDA MARTINEZ,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.  20-55535

D.C. No.
2:17-cv-08816-GW-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted May 4, 2021
Pasadena, California

Before:  WARDLAW and GOULD, Circuit Judges, and DONATO,[**] District
Judge.

Yolanda Martinez applied for disability insurance benefits and supplemental

security income under the Social Security Act.  She alleged that she was disabled

because she suffered from bipolar disorder, depression, anxiety, and other

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

impairments. An administrative law judge (ALJ) denied her application; the district court affirmed. Martinez appealed. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings consistent with this disposition.

The ALJ erred in discounting Martinez's testimony about the severity and persistence of her symptoms. We are troubled by some of the ALJ's statements, which hinted at an implicit bias against Martinez. For example, the ALJ commented on Martinez's obesity. He insinuated that she exaggerated the severity of her symptoms to obtain more controlled medication. And he referred to her allegations as part of her "quest for disability benefits."

But he did not find, explicitly or implicitly, that she was a malingerer. Without affirmative evidence of malingering, the ALJ could only reject Martinez's testimony "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). We have considered the ALJ's reasons and find them unsound. The ALJ fell short of meeting the standards.

First, the ALJ found that Martinez's allegations were inconsistent with the objective medical evidence. We conclude that, to the contrary, the evidence in the record sufficiently corroborates the severity and persistence of Martinez's symptoms. For example, between November 2012 to July 2014, Martinez went to

2

the emergency room for anxiety attacks three times. She was diagnosed with bipolar disorder, anxiety, and other mental conditions by various treatment providers—including her treating doctors. She was prescribed Prozac, Klonopin, and Lamactal, and exhibited self-harming behaviors.

Next, the ALJ erroneously found that Martinez's allegations were inconsistent with her daily functioning. The ALJ noted that Martinez was able to shop on the internet, play with and care for her nephew, drive, prepare meals, and live alone or in a house with others. That Martinez could perform these tasks at home, however, does not mean that she could adequately meet the more arduous demands of a full-time job. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Nor were Martinez's allegations of disability incredible simply because she occasionally looked for work on Craigslist and other websites. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.").

Finally, the ALJ discounted Martinez's testimony because she did not always take her medication as prescribed. This too was error. Martinez's long-

time therapist, Kelli Sullivan,[1] observed that Martinez consistently cancelled therapy appointments because of her migraines, sleep issues, anxiety, and financial difficulties. Sullivan also reported that Martinez "appear[ed] to lack the resources mentally, financially, and sometimes physically to follow through" with increased treatment. While the ALJ took Martinez's trouble with taking her medication as proof that her symptoms were not as severe as she claimed, the record reveals that the ALJ had it backwards: Martinez had difficulty taking her medication precisely *because of* her mental impairments. *See Fair*, 885 F.2d at 602 (noting that an ALJ may not rely on a claimant's failure to take medication "where evidence suggests that the claimant had a good reason for not taking medication") (citation omitted).

The ALJ also erred in discounting lay testimony from Martinez's friends and family. To discount such testimony, the ALJ had to "give reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Here, Martinez's mother, Josefina, stated that Martinez cut herself while in the shower, was sad and depressed, and rarely left the house. The testimony from the other lay witnesses similarly discussed Martinez's "diagnoses and instances of [her] temper tantrums, and state[d] symptoms such as going several days without a shower, staying in her room, appearing sad, etc." The ALJ rejected this evidence because

---

[1] We may consider the evidence from Dr. Guzman and Sullivan that was submitted to the Appeals Council as part of the final record. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012).

4

the behaviors that the lay witnesses described "were within the control of [Martinez]."

We disagree. These symptoms were caused by and evidence of Martinez's mental impairments. Although inconsistency with medical evidence is a germane reason to discount lay witness testimony, *see Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005), the lay witness testimony here was entirely consistent with Martinez's allegations of her mental impairments.

The Commissioner of Social Security (Commissioner) defends the ALJ's rejection of the lay witness testimony as being based on the same grounds as the rejection of Martinez's testimony. While it is true that an ALJ may sometimes reject lay testimony on this basis, the cases the Commissioner cites are inapposite. In *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685 (9th Cir. 2009), for example, the ALJ explicitly rejected testimony from the claimant's husband, which was similar to the claimant's own subjective complaints, for the same reasons the ALJ discounted the claimant's allegations, *id*. at 694. But in *Valentine*, the ALJ provided clear and convincing reasons for discounting the claimant's testimony. *Id*. That is not the case here, for the reasons we explained above.

The ALJ further erred in discounting opinions from Martinez's treating physicians, Dr. Guzman and Dr. Fenzi. The ALJ was free to disregard Dr. Guzman's opinion on the ultimate question of whether Martinez was disabled.

5

*McLeod v. Astrue*, 640 F.3d 881, 884–85 (9th Cir. 2011). But the ALJ could only reject the rest of Dr. Guzman's opinion by providing "specific and legitimate reasons" supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Again, we find the ALJ's reasons inadequate.

For one thing, the ALJ asserted that Dr. Guzman's opinion that Martinez was homebound and could not function at home was inconsistent with Martinez's reported daily activities. Yet that finding was not supported by substantial evidence, for reasons similar to those above. Next, the ALJ gave little weight to Dr. Guzman's opinion because Dr. Guzman afforded Martinez's subjective complaints "full consistency with the record." But Martinez alleged that she suffered from, among other conditions, depression and migraines. We have explained that psychiatric diagnoses "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

The ALJ next erred in discounting Dr. Fenzi's opinion. The ALJ was suspicious that Martinez reported more weekly migraines in her administrative hearing testimony than she reported during her appointments with Dr. Fenzi. We disagree, having previously held that it is "error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison*, 759 F.3d at 1017.

6

The ALJ also discounted Dr. Fenzi's opinion that Martinez suffered from seizures. But Dr. Greene and Dr. Saphir—two non-examining physicians whose opinions the ALJ credited—opined that because of Martinez's potential seizures, she should avoid "all exposure" to hazards such as working with machinery or at heights. Dr. Fenzi's opinion is also corroborated by the documented incidents of seizures themselves. Finally, as with Dr. Guzman's opinion, that Dr. Fenzi afforded Martinez "full consistency with the record" is an inadequate basis for discounting his opinion.

**REVERSED AND REMANDED.**[2]

---

[2] **Costs are awarded in favor of Martinez. Martinez's Motion for Judicial Notice, Dkt. 9, is GRANTED.** Although we take judicial notice of the ALJ decision referenced in Martinez's motion, that decision concerned a different time period and was based on different allegations of disability, so it has no bearing on our decision in this appeal. *See Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001).